UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

A. Z.,

    Plaintiff,

v.                                  Case No:   6:15-cv-2074-Orl-31TBS

BONNET CREEK RESORT VACATION
CONDOMINIUM ASSOCIATION, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff is a minor who resides in Georgia (Doc. 2, ¶ 2).  She was a guest on Defendant's Florida premises when she tripped, fell, and suffered bodily injury (Id., ¶¶ 5-9).  She alleges that the accident was caused by Defendant's failure to adequately maintain the carpet in a public area of the premises (Id.).  Plaintiff filed this lawsuit in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Id.).  Defendant is a citizen of Florida (Doc. 1, ¶¶ 13-14).  On December 9, 2015, Defendant removed the case to this Court based upon diversity jurisdiction (Id.).  When Defendant removed the case, it also requested jurisdictional discovery to establish that Plaintiff is a citizen of Georgia (Doc. 4).

The removal statute, 28 U.S.C. § 1441, provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Because Defendant is a citizen of Florida, it appeared to me that the case had been improperly removed to this Court.  I entered an Order *sua sponte*, directing the parties to address this

issue and advise the Court whether remand is appropriate (Doc. 6). Both parties have now responded to my Order. Plaintiff agrees that the case was improperly removed, and contends that it should be remanded to state court (Doc. 12). According to Defendant, nine circuits hold that the so-called forum defendant rule embodied in § 1441(b) is a procedural requirement that can be waived if objection is not made within the 30 day time limit imposed by § 1447(c) (Doc. 14). Defendant concedes that although Plaintiff did not raise this issue in her motion for remand (Doc. 9), now that the Court has brought the requirement to her attention, Plaintiff has made clear that she does not intend to waive the requirement (Doc. 14 at 2). For this reason, Defendant does not oppose remand (Id., at 3).

Based upon the parties' responses to my Order, I respectfully recommend that this case be **REMANDED** to the Circuit Court of the Ninth Judicial District in and for Orange County, Florida.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on December 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record